# MAHER & PITTELL, LLP

ATTORNEYS AT LAW

| | |
|---|---|
| *Reply To:* | *Long Island Office* |
| **42-40 Bell Blvd, Suite 302** | **10 Bond St, Suite 389** |
| **Bayside, New York 11361** | **Great Neck, New York 11021** |
| **Tel (516) 829-2299** | **Tel (516) 829-2299** |
| *jp@jpittell.com* | *jp@jpittell.com* |

January 23, 2022

<u>**MEMO ENDORSED**</u>

Hon. Laura Taylor Swain
Chief U.S. District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *US v. Jackson, et. al {Johnny Stevens},* 21 cr 537 (LTS)

Dear Chief Judge Swain:

I am counsel for Johnny Stevens, a defendant in the above referenced matter.

Please accept this letter in lieu of a formal motion seeking judicial intervention to resolve a discovery dispute in the above referenced matter.

Prior to the Government's production of discovery, the parties negotiated the terms of a Protective Order which has been filed in this case. (ECF Doc. 21). Pursuant to the terms of the Protective Order, certain items of discovery may be designated as "Protected" or "Sensitive" Discovery. Relevant to the issue presented by this motion, Protected Discovery will be provided to Defense Counsel and the Defendants for their review. Only Defense Counsel and Defendants can possess Protected Discovery. Sensitive Discovery is more restrictive. It will only be produced to Defense Counsel. It cannot be possessed by the Defendants. In order for the Defendants to review Sensitive Discovery, they must do so in the presence of their counsel. However, neither Sensitive Discovery nor Protected Discovery may be disclosed to a third person or to the media.

The Protective Order (at par. 9) provides that, in the event there is a dispute regarding the Government's designation of discovery, the parties will first confer prior to seeking a ruling from the Court. By this letter, I inform that the Government and I have engaged in a good faith discussion on the Government's designation, as Sensitive Discovery, of nine video recordings (the "Buy Videos") made by an undercover police officer (the "UC"). It is alleged that the Buy Videos depict the UC purchasing of narcotics from the Defendants. I requested the Government modify the

1

designation of the videos from Sensitive Discovery to Protected Discovery.[1]  However, the Government has indicated they will not consent to this modification.  As a result, this application is now being submitted for Your Honor's consideration.

In total, the length of all the Buy Videos is approximately ten hours.  The Buy Videos were produced by a hidden camera worn by the UC.  Since the UC is wearing the camera, the likeness of the UC does not come into view during the recordings.  Only the UC's voice can be heard.  The only persons who are seen in the Buy Videos are persons (alleged to be the Defendants) alleged to be supplying narcotics to the UC.[2]

Accordingly, by this Motion, I am respectfully requesting the Court issue an Order directing that the Buy Videos be designated as Protected Discovery instead of Sensitive Discovery.  I make this request based upon several reasons.

First, there must be a showing of good cause shown for issuance of a protective order.  Rule 16(d)(1), of the Federal Rules of Criminal Procedure, authorizes a court to issue a protective order as follows:  "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." (Emphasis added).  Good cause, for issuance of a Rule 16(d)(1) protective order, exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (SDNY 2006).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *U.S. v. Smith*, 985 F. Supp.2d 506, 523 (SDNY 2013).  In the matter at bar, it is my understanding the Government designated the Buy Videos as Sensitive Discovery in order to protect the identity of the UC and the informant (who is in Buy Video #1).  However, Defendants and the UC allegedly engaged in nine drug transactions.  As such, they know each other at this point.  Moreover, the informant (who is visible in Buy Video #1) appears to be a friend who is greeting and then introducing persons (alleged to be the Defendants) to the UC. As such, the identity of the informant appears to be well known to the persons alleged to be the Defendants.  It is my further understanding that the Government is concerned the Defendants may cause excerpts, or screenshots, of the Buy Videos to be posted on social media and thereby widely broadcasting the identity of the UC or informant.  At the outset, regarding the UC, this is not even possible as the likeness of the UC is not displayed on the Buy Videos.  Moreover, this concern

---

[1] In my discussion with the Government, I expressed a willingness to a accept a modification (from Sensitive to Protected) of only three Buy Videos.  However, in light of the need to make this application, coupled with fact that I anticipate counsel for Mr. Jackson will join in this application, I now seek a modification of the designation of all of the Buy Videos.

[2] Some Buy Videos depict unknown persons passing by when the UC is on a public street or sidewalk.  One Buy Video (Buy Video #1) displays the image of an informant who introduces the UC to persons alleged to be the Defendants.  Based upon a review of Buy Video #1, the informant and these persons appear to be well acquainted with each other.

is only based upon pure speculation.  There is nothing in Mr. Stevens background or prior conduct which supports a claim that he would engage in such conduct.  Moreover, I am willing to consent to the Buy Videos being designated as Protected Discovery.  As such, if Mr. Stevens were to engage in this conduct, he would be subject to contempt due to his violation of the Protective Order.  Further, if he were to engage in this conduct, he may even expose himself to prosecution for witness tampering.  Based upon the foregoing, the Government has not made a showing that designation of the Buy Videos as Protected Discovery, instead of Sensitive Discovery, will result in a clearly defined, specific and serious injury.  As such, the good cause requirement of 16(d)(1) has not been established.

      Second, in the course of Mr. Stevens' review of the Buy Videos, I plan to instruct him to initially watch all of them in their entirety.  Thereafter, I plan to have him carefully, again, watch the Buy Videos and take notes during all relevant points.  I foresee this as a time-consuming process.  It will involve stopping, starting, forwarding and rewinding the Buy Videos countless times.  For example, at various points times, conversations may be difficult to understand necessitating the need that portion of the recording to be replayed multiple times.  Similarly, in order to view images of persons (alleged to be the Defendants or other suppliers), the videos may need to be stopped and replayed multiple times.  Based upon the forgoing, I anticipate the potential review time ratio of the Buy Videos as possibly 2-3 hours to each hour of Buy Video run time.  I respectfully submit that requiring me, or someone in my employ, to sit with Mr. Stevens, for hours on end while he reviews the Buy Videos, is an unreasonable allocation of legal resources.

      Third, the reality of the Pandemic cannot be ignored.  In the current phase, where the Omicron variant is highly transmittable, I submit is an unreasonable risk to require me (or someone in my employ) and Mr. Stevens to sit together, for hours on end, in a conference room while Mr. Stevens reviews the Buy Videos.  Obviously, from a health and safety perspective, it is preferable that Mr. Stevens review the Buy Videos in the safety of his home.

      Fourth, if this case proceeds to trial, undoubtedly, the Buy Videos will be key exhibits introduced by the Government.  I submit, that only allowing Mr. Stevens an opportunity to view the Buy Videos in my presence, in my office, represents an unwarranted restriction into his ability to assist in his defense.

      Prior to submission of this application, I have conferred with the Government and they request they be provided two weeks to submit their opposition to this motion.

Respectfully submitted,
/s/
Jeffrey G. Pittell

cc: Jacob Gutwillig, AUSA
    Neil Kelly, Esq.

The Government's opposition papers shall be filed by February 7, 2022. The defense's reply (if any) shall be filed by February 14, 2022.
SO ORDERED.
1/24/2022
/s/ Laura Taylor Swain, Chief USDJ